**Reversed and Rendered and Memorandum Opinion filed May 8, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00447-CV

---

**SANTA FE INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**RHONDA FALGOUST, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10-CV-2373**

---

## MEMORANDUM OPINION

In this interlocutory appeal, a school district challenges a trial court's order denying the school district's plea to the jurisdiction in an action brought by a former employee against the school district for retaliation under the Texas Whistleblower Act.

We conclude that because the former employee failed to allege elements of the claim, the trial court lacked subject-matter jurisdiction and erred in denying the school district's plea to the jurisdiction. Accordingly, we reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee/plaintiff Rhonda Falgoust filed suit against her former employer, appellant/defendant Santa Fe Independent School District (the "District"), asserting a single claim of retaliation under the Texas Whistleblower Act.[1] Falgoust alleges her employment as an assistance principal at an elementary school was terminated after she reported that the principal of her school asked her to commit an allegedly illegal act. The District filed special exceptions to Falgoust's pleadings, which the trial court granted. Falgoust then amended her pleadings.

As reflected in her amended pleading, Falgoust worked under a term contract as an assistant principal during the 2009-2010 school year. The school board voted not to renew her contract for the following year. In her petition, Falgoust complained of various disciplinary actions and directives from her supervisor, Dr. Lupe Hernandez, the principal at the elementary school. In support of her claim, Falgoust attached to her petition a letter dated October 26, 2009, in which Dr. Hernandez referred to three separate instances of Falgoust allegedly divulging confidential information to staff members. One of these instances apparently involved Falgoust's communications to staff members that Dr. Hernandez instructed her not to give staff members high scores in performance evaluations, under a system the parties referred to as "PDAS," an acronym for the state's Professional Development and Appraisal System. In the letter, Dr. Hernandez directed Falgoust to maintain a professional relationship with staff members and to not share confidential information with staff. Falgoust refers to the letter, both in her pleadings and on appeal, as supporting her assertion that Dr. Hernandez directed her to change the teacher evaluation scores. Falgoust also attached to her pleadings a written "Growth

---

[1] Tex. Gov't Code Ann. § 554.001–.010 (West 2004 & Supp. 2010).

2

Plan," dated October 26, 2009, in which Dr. Hernandez directed Falgoust, in pertinent part, to: (1) communicate in a professional manner with staff members without divulging confidential communications; (2) allow Dr. Hernandez an opportunity to review the teachers' performance evaluation scores, "walk-throughs," and memos before releasing them to recipients; and (3) allow Dr. Hernandez to approve all communications with staff or parents before sending memos or emails.

The crux of Falgoust's pleadings centers on Falgoust's allegation that Dr. Hernandez twice directed her to change or alter performance evaluation scores that Falgoust intended to give teachers: once in October 2009, and again at some point before January 2010. Falgoust characterized Dr. Hernandez's directive as a violation of Texas Penal Code section 37.10, a statute prohibiting falsification of government records. Falgoust, operating under a professed belief that the directive amounted to criminal conduct, claimed to have reported, on January 21, 2010, the conduct in good faith within a purported chain of command to both Dr. Hernandez and Dr. Peggy Gordon, the District's Chief Academic Officer.

Falgoust was initially informed by Dr. Hernandez in February 2010, that the District's superintendent would not recommend to the District's board of trustees that Falgoust's contract for the 2010–2011 school year be renewed. The District's board of trustees acted on that recommendation in May 2010, and did not renew Falgoust's contract. In her pleadings, Falgoust alleged that the District terminated her employment in retaliation for her reporting, within the direct chain of command, Dr. Hernandez's directives to change or alter teachers' performance evaluation scores, which Falgoust believed constituted a criminal act of falsifying a government record.

In its answer, the District asserted governmental immunity. The District filed a plea to the jurisdiction, challenging the trial court's subject-matter jurisdiction over Falgoust's claims and asserting that, in her petition, Falgoust failed to allege the elements of a claim under the Texas Whistleblower Act. The District attached Dr. Gordon's

3

affidavit to its plea. In her affidavit, Dr. Gordon claimed she was not in Falgoust's chain of command, denied that Falgoust reported any crime to her, and stated that her duties do not include enforcement of the Texas Penal Code.

After considering the District's plea and Falgoust's response, the trial court denied the plea. The District now challenges the trial court's ruling.

**ISSUES AND STANDARD OF REVIEW**

The District, in four issues, asserts the trial court erred in denying its plea to the jurisdiction based on the factual allegations contained in Falgoust's live pleadings. The District asserts that Falgoust failed to allege facts sufficient to establish the trial court's subject-matter jurisdiction over the Whistleblower Act claim.

In filing a plea to the jurisdiction, a litigant challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because subject-matter jurisdiction is a question of law, we conduct a de novo review of the trial court's ruling on the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a party has filed a plea to the jurisdiction, challenging the pleadings, a reviewing court must construe the pleadings liberally in favor of the pleader and look to the pleader's intent. *See id.* If the facts alleged affirmatively demonstrate the trial court's jurisdiction to hear the case, the plea to the jurisdiction must be denied. *See id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *See id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing an opportunity to amend. *See id.* at 227.

If, in a plea to the jurisdiction, a party challenges the existence of jurisdictional facts, the reviewing court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See id.* If the evidence creates a fact question regarding the jurisdictional issue, then the

4

plea to the jurisdiction must be denied. *See id.* at 227–28. But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. In ruling on a plea to the jurisdiction, a court does not consider the merits of the parties' claims. *See id.* at 226–28; *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

**ANALYSIS OF THE TEXAS WHISTLEBLOWER ACT CLAIM**

Generally, school districts are immune from suit and liability unless the legislature has expressly waived sovereign immunity. *See State of Texas v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). In section 554.0035 of the Texas Government Code, entitled "Waiver of Immunity," the Texas Legislature expressly waives sovereign immunity for claims brought under the Texas Whistleblower Act. *See* Tex. Gov't Code Ann. § 554.0035 (West 2004 & Supp. 2010). For immunity to be waived, the plaintiff must be a public employee and properly allege a violation of the Act. *Lueck*, 290 S.W.3d at 881. The elements of a claim brought under the Texas Whistleblower Act can be considered jurisdictional facts when necessary to resolve whether a plaintiff has alleged a violation within the purview of the Act. *Id.*; *see* Tex. Gov't Code. § 554.002(a) (West 2004 & Supp. 2010). We consider whether Falgoust has met the jurisdictional burden of alleging a violation under the Act by examining the elements of a violation set forth in section 554.002 of the Texas Government Code, entitled "Retaliation Prohibited for Reporting Violation of Law." *See Lueck*, 290 S.W.3d at 881.

As provided in section 554.002(a), a "state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." *See* Tex. Gov't Code Ann. § 554.002(a). As reflected in its plea to the jurisdiction, the District claimed that (1) Falgoust did not make a good faith report to an

appropriate law enforcement authority; and (2) Falgoust did not report a violation of law. If either of these elements is lacking, there is no waiver of immunity and the trial court has no subject-matter jurisdiction over the claims. *Mullins v. Dallas Indep. Sch. Dist.*, 357 S.W.3d 182, 188 (Tex. App.—Dallas 2012, no pet. h.).

A report is made to an appropriate law enforcement authority if "the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." *Id.* § 554.002(b); *see Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 321 (Tex. 2002). It is not enough that a governmental entity has a general authority to regulate, to enforce, to investigate, or to prosecute. *Needham*, 82 S.W.3d at 319. Rather, the governmental entity must be authorized either to regulate under or enforce the law alleged to have been violated or investigate or prosecute a violation of criminal law. *Id.* at 320. In this case, we must determine whether the District has the authority to regulate under, enforce, investigate, or prosecute a violation of section 37.10. *See* Tex. Gov't Code Ann. § 554.002(b); *Needham*, 82 S.W.3d at 320.

The District attached to its plea for jurisdiction Dr. Gordon's affidavit and job description. In her affidavit, Dr. Gordon denied regulating under or enforcing section 37.10 of the Texas Penal Code or investigating or prosecuting a violation of the Texas Penal Code.

As reflected in Falgoust's response to the District's plea to the jurisdiction and the affidavit attached to her response, Falgoust claimed to have reported the alleged criminal conduct within the "chain of command" to both Dr. Hernandez, her direct supervisor, and to Dr. Gordon.[2] A proper inquiry focuses on the governmental entity, and not the individual, when considering an appropriate law enforcement authority. *See Robertson*

---

[2] In her pleadings, Falgoust made a passing reference to filing a report with Dr. Hernandez. It is undisputed that Dr. Hernandez is within the chain of command. It is also undisputed that both Dr. Hernandez and Dr. Gordon are members of the same agency.

*Cnty v. Wymola*, 17 S.W.3d 334, 340–41 (Tex. App.—Austin 2000, pet. denied); *Duvall v. Tex. Dep't of Human Servs.*, 82 S.W.3d 474, 481 (Tex. App.—Austin 2002, no pet.). Even presuming that the conduct Falgoust reported was conduct that implicated a violation of section 37.10 of the Texas Penal Code and that Falgoust reported the conduct within the chain of command, the District's authority, as reflected in the record, does not include the power to "regulate under or enforce the law alleged to be violated in the report." *See* Tex. Gov't Code Ann. § 554.002(b)(1); *Needham*, 82 S.W.3d at 320. Nor does the District have the power to "investigate or prosecute a violation of criminal law." *See* Tex. Gov't Code Ann. § 554.002(b)(2); *Needham*, 82 S.W.3d at 320.

As reflected in section 554.002(b), "appropriate law enforcement authority" may include an entity that "the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." "Good faith" means (1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and (2) the employee's belief was reasonable in light of the employee's training and experience. *See* Tex. Gov't Code Ann. § 554.002(b); *Needham*, 82 S.W.3d at 321; *see also Wichita Cnty. v. Hart*, 917 S.W.2d 779, 784 (Tex. 1996).

Falgoust points to Dr. Gordon's job description in which Dr. Gordon's duties include implementing "the policies established by federal and state law, State Board of Education rule[s], and the local board policy in the area of curriculum and instruction," and assisting "in evaluating of [sic] job performance of employees to ensure effectiveness," and "as appropriate, with the Texas Prof. Development and Appraisal System." But, none of these duties suggests the District's authority to regulate under, enforce, investigate, or prosecute violations of section 37.10 of the Texas Penal Code. *See* Tex. Gov't Code Ann. § 554.002(b); *Needham*, 82 S.W.3d at 320. Whether or not Dr. Gordon could take remedial or disciplinary action against Dr. Hernandez in terms of

7

the evaluation scores does not satisfy the components of good faith in section 554.002(b). *See* Tex. Gov't Code Ann. § 554.002(b); *Needham*, 82 S.W.3d at 321; *Duvall*, 82 S.W.3d at 481–82. Given Falgoust's ten years as an assistant principal with the District, a reasonably prudent person in her shoes could not have formed the good-faith belief that the District was authorized to regulate under, enforce, investigate, or prosecute violations of the Texas Penal Code. *See Lueck*, 290 S.W.3d at 886; *Duvall*, 82 S.W.3d at 481–82; *see also Carey v. Aldine Indep. Sch. Dist.*, 996 F. Supp. 641, 655 (S. D. Tex. 1998) (applying definition of "good faith" from *Hart* and concluding that former employee presented no evidence of a good faith belief that the individuals or entities to whom she reported had the ability to regulate under or enforce the alleged violation of law such that she did not report to an appropriate law enforcement authority). Falgoust has not pointed to any evidence supporting a good faith belief that the Department had the authority to regulate under, enforce, investigate, or prosecute violations of section 37.10 of the Texas Penal Code. *See* Tex. Gov't Code Ann. § 554.002(b); *Duvall*, 82 S.W.3d at 481–82.

Falgoust has failed to allege that she filed a report with an appropriate law enforcement authority. *See Lueck*, 290 S.W.3d at 886; *Duvall*, 82 S.W.3d at 481–82. Thus, we conclude, as a matter of law, Falgoust failed to allege an essential element of her claim under the Texas Whistleblower Act. *See Lueck*, 290 S.W.3d at 885–86. Therefore, the trial court should have dismissed her suit for want of jurisdiction. *See id.* We sustain the District's third issue.[3]

---

[3] We do not reach the merits of the District's other issues.

The trial court's judgment is reversed and judgment is rendered dismissing Falgoust's suit for lack of jurisdiction.


                                        /s/    Kem Thompson Frost
                                               Justice

Panel consists of Justices Frost, Brown, and Christopher.